## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**REVOCATION OF SUPERVISED RELEASE TERM**

**Misc No. 21-334-ADC**

## STANDING ORDER:  REVOCATION PROCEEDINGS

In all cases involving revocation of supervise release, the parties are expected to adhere to the following:

1. The parties are to address informal discovery as soon as practicable.  The defense shall seek for any formal discovery not later than five (5) days after arrest or preliminary hearing, as applicable.

2. The U.S. Probation Office is authorized to disclose evidence to be introduced at the revocation hearing this to include, among others: evaluations by third party therapists, laboratory results, etc.  Absent Court authorization, chronos or data that may otherwise place third parties at risk should not be disclosed.

3. Were the government to pursue revocation on "conduct that amounts to a criminal offense," which is subject to the "preponderance of the evidence" standard; the government is to secure the attendance of witnesses as needed.

4. Regarding the presentation of witnesses or substitution of supervising U.S. Probation Officers to offer testimony on conduct of releasees, the parties are reminded that:

a. the Federal Rules of Evidence do not apply in "miscellaneous proceedings such as as granting or revoking probation of supervise release." Fed.R.Evid. 1101.

b. *Crawford v. Washington*, 541 U.S. 36, (2004) regarding confrontation rights is not extensive to revocation proceedings.

The confrontation clause maintains that defendants have a right to confront witnesses "[i]n criminal prosecution." However, the Supreme Court has recognized that a parole revocation hearing, which is analogous to a supervised release hearing, see *United States v. Correa-Torres*, 326 F.3d 18, 22 (1st Cir.2003), is not equivalent to a "criminal prosecution." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey* the Supreme Court held that "the full panoply of rights due a defendant in such a proceeding [criminal prosecution] does not apply to parole revocations." *Id*. To the contrary, the proceeding "should be flexible enough to consider evidence including letter affidavits, and other material that would not be admissible in an adversary criminal trial." *Id* at 489.

Consistent therewith, the First Circuit determined in *U.S. v. Rondeau*, 430 F.3d 44 (1st Cir. 2005) that *Crawford* does not apply to supervised release revocation hearings. In *Rondeau*, the Court held post-conviction proceedings do not qualify as "criminal prosecutions" under *Crawford*. A defendant does not have a Sixth Amendment right to examine adverse witnesses, however, he does have a limited confrontation right under Fed.R.Crim.P. 32.1(b)(2)(C). *U.S. v.*

*Rondeau*, 430 F.3d 44 (1st Cir. 2005). According to *Rondeau*, the Court should apply this Rule by "balancing the releasee's right to confront witnesses with the government's good cause for denying confrontation." *Id* at 3. The district court must weigh the reliability of the evidence that the Government seeks to introduce in its good cause analysis. *U.S. v. Taveras*, 380 F.3d 532 (1st Cir. 2004.) Per *Rondeau* "[i]n conducting this analysis, a court should consider the reliability of the hearsay testimony and the government's reason for declining to produce the declarant." *U.S. v. Rondeau*, 430 F.3d 44 (1st Cir. 2005.)

5. Were the grounds for revocation to be contested, notice is to be provided at least two (2) days prior to the revocation hearing. The notice shall include the number of prospective witnesses to be presented. This will enable efficient and timely scheduling.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of July 2021.

*Aida M. Delgado Colón*
**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**